IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASCION, LLC AND<br>MARTIN RAWLS-MEEHAN<br><br>       Plaintiffs,<br><br>v.<br><br>RUOEY LUNG ENTERPRISE CORP.,<br>LUNG TAN MECHATRONICS INDUSTRIAL<br>CO. LTD.,<br>OKO UNIVERSAL, INC., AND<br>LUNG-TAN SHIH<br><br>       Defendants. | Civil Action No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Ascion, LLC and Martin Rawls-Meehan, for their complaint against Defendants, Ruoey Lung Enterprise Corp., Lung Tan Mechatronics Industrial Co. Ltd., Oko Universal, Inc., and Lung-Tan Shih, allege as follows:

## THE PARTIES

1.      Plaintiff Ascion, LLC ("Ascion") is a limited liability company formed under the laws of the state of Michigan and having a principal place of business at 86 Sherman St., Cambridge, MA 02140.

2.      Plaintiff Martin Rawls-Meehan is an individual residing at 9 Winthrop Road, Lexington, MA 02421.

3.      On information and belief, defendant Ruoey Lung Enterprise Corporation ("Ruoey Lung") is a Taiwanese company having a principal place of business at 17 Lu-Kung South 2 Road, Chang-Pin Industrial Park, Lu-Kang, Changhua, Taiwan 505, ROC.

1

4. On information and belief, defendant Oko Universal, Inc. ("Oko") is a Taiwanese company having a principal place of business at 17 Lu-Kung South 2 Road, Chang-Pin Industrial Park, Lu-Kang, Changhua, Taiwan 505, ROC.

5. On information and belief, defendant Lung Tan Mechatronics Industrial Co. Ltd. ("Lung Tang") is a Chinese company having a principal place of business at Silver Lake Industrial Estate, Xiegang, Dongguan, Guangdong, China.

6. On information and belief, defendant Lung-Tan Shih is an individual residing at 17 Lu-Kung South 2 Road, Chang-Pin Industrial Park, Lu-Kang, Changhua, Taiwan 505, ROC.

## JURISDICTION AND VENUE

7. This case involves federal questions and also involves claims between citizens having diversity of citizenship under 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and 2202.

9. This Court has personal jurisdiction over defendants, who on information and belief have significant contacts with and do business in this District, including the activities that form the basis for this action.

10. Venue lies in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT ONE
(CORRECTION OF INVENTORSHIP OF U.S. PATENT NO. 7,448,100 UNDER 35 U.S.C. § 256)

11. Plaintiffs restate and incorporate by reference each of the averments of paragraphs 1-10.

12. U.S. Patent No. 7,488,100 ("the '100 patent") was filed on June 21, 2006 and issued on November 11, 2008. The '100 patent, on its face, names Defendant Lung-Tan Shih as the sole inventor and identifies Defendant Ruoey Lung as the sole assignee. A copy of the '100 patent is attached as Exhibit A.

13. Martin Rawls-Meehan contributed to the invention claimed in the '100 patent.

14. Martin Rawls-Meehan's name was improperly omitted as an inventor on the '100 patent.

15. The omission of Martin Rawls Meehan as an inventor on the '100 patent arose without deceptive intent on the part of Martin Rawls-Meehan.

16. Pursuant to 35 U.S.C. § 256, the '100 patent should be corrected to name Martin Rawls-Meehan as an inventor and as otherwise necessary to accurately reflect the inventorship of the claimed subject matter.

## COUNT TWO
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

17. Plaintiffs restate and incorporate by reference each of the averments of paragraphs 1-16.

18. Ruoey Lung claims to be the owner of the '100 patent and has alleged infringement of that patent by Ascion.

19. An actual controversy exists as to whether Ascion infringes the '100 patent.

20. Pursuant to 28 U.S.C. § 2201 and 2202, Ascion is entitled to a declaration that it is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '100 patent.

## COUNT THREE
(DECLARATORY JUDGMENT OF INVALIDITY)

21. Plaintiffs restate and incorporate by reference each of the averments of paragraphs 1-20.

22. Ruoey Lung claims to be the owner of the '100 patent and has alleged infringement of that patent by Ascion.

23. An actual controversy exists as to whether the '100 patent is valid under 35 U.S.C. § 101, *et seq.*

24. Pursuant to 28 U.S.C. § 2201 and 2202, Ascion is entitled to a declaration that the '100 patent is invalid under 35 U.S.C. §101 *et seq*.

## COUNT FOUR
(INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS)

25. Plaintiffs restate and incorporate by reference each of the averments of paragraphs 1-24.

26. Ruoey Lung knew or should have known that plaintiffs have had actual and prospective business relationships with various businesses.

27. Ruoey Lung intentionally and improperly interfered with plaintiffs' actual and prospective business relationships with such businesses by, among other things, sending threatening and defamatory letters to such businesses.

28. Ruoey Lung's actions in interfering with plaintiffs' actual or prospective business relationships have been done in bad faith and without any basis of privilege.

29. By their actions, Ruoey Lung has caused damage to plaintiffs in an amount to be proven at trial.

## COUNT FIVE
### (BREACH OF CONTRACT)

30. Plaintiffs restate and incorporate by reference each of the averments of paragraphs 1-29.

31. On or about November 22, 2005, Ascion, Ruoey Lung, Oko, and Lung Tang (collectively, "the Contracting Parties") entered into a contract relating to the sale of certain products. That contract was memorialized in a document entitled "Commission Agreement," which was signed by a representative of each of the Contracting Parties.

32. The Commission Agreement identified Ascion as the "Sales Entity" and identified Ruoey Lung, Oko, and Lung Tang, collectively, as "the Companies." The Commission Agreement further set forth the rights and obligations of the Contracting Parties relating to the sale by the Sales Entity of products made by the Companies.

33. Among other provisions, the Commission Agreement required, and continues to require, Ruoey Lung, Oko, and Lung Tang to indemnify Ascion and to hold Ascion harmless from any claims of patent infringement relating to the products sold by Ascion in connection with the Commission Agreement.

34. The Commission Agreement constitutes a valid and enforceable contract between Ascion on the one hand and Ruoey Lung, Oko, and Lung Tang on the other.

35. Over the last several years, Ascion has expended significant resources in defending against claims of patent infringement brought by L&P Property Management Company and Leggett & Platt Incorporated (collectively, "L&P") in a lawsuit now pending in this District, captioned L&P Property Management, et al. v. JTMD, LLC, et al, 07-cv-10207-RGS ("the L&P Litigation"), and continues to incur expenses in connection with that Litigation.

36. Ruoey Lung, Oko, and Lung Tang were seasonably notified of L&P's claims of infringement and Ascion promptly requested that they comply with their obligation to indemnify Ascion and hold Ascion harmless from such claims.

37. Ruoey Lung, Oko, and Lung Tang have failed to indemnify Ascion and hold Ascion harmless from the claims of infringement in the L&P Litigation.

38. Ruoey Lung, Oko, and Lung Tang have therefore breached their contract with Ascion.

39. Ascion has been damaged by the breach of contract by Ruoey Lung, Oko, and Lung Tang in an amount to be proven at trial.

## COUNT SIX
### (BREACH OF WARRANTY)

40. Plaintiffs restate and incorporate by reference each of the averments of paragraphs 1-39.

41. Pursuant to M.G.L. Chapter 106 (Uniform Commercial Code), Section 2-312, and other applicable, statutes, laws, and regulations, Ruoey Lung, Oko, and Lung Tang warranted that the goods delivered to Ascion would be free of the rightful claim of any third person by way of infringement.

42. Over the last several years, Ascion has expended significant resources in defending against claims of patent infringement brought by L&P in the L&P Litigation, and continues to incur expenses in connection with that Litigation.

43. Ruoey Lung, Oko, and Lung Tang were seasonably notified of L&P's claims of infringement and Ascion promptly requested that they comply with their obligation to indemnify Ascion and hold Ascion harmless from such claims.

44. Ruoey Lung, Oko, and Lung Tang breached the warranty that the goods delivered to Ascion would be free of the rightful claim of any third person by way of infringement.

45. Ascion has been damaged by the breach of warranty by Ruoey Lung, Oko, and Lung Tang in an amount to be proven at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court:

A. order correction of the '100 patent to name Martin Rawls-Meehan as an inventor and as otherwise necessary to accurately reflect the inventorship of the claimed subject matter;

B. declare and adjudge that Ascion does not infringe, and has not infringed, the '100 patent;

C. declare and adjudge that the '100 patent is invalid and unenforceable;

D. enter judgment that Ruoey Lung has intentionally and improperly interfered with plaintiffs' actual and prospective business relations, and award damages adequate to compensate plaintiffs for the injury caused by such actions;

E. preliminarily and permanently enjoin Ruoey Lung, its agents, and its affiliates, from further interfering with plaintiffs' actual and prospective business relations;

F. enter judgment that Ruoey Lung, Oko, and Lung Tang have breached their contract with Ascion, and award damages adequate to compensate plaintiffs for the injury caused by such breach, including, without limitation, all attorneys fees and costs incurred;

G. enter judgment that Ruoey Lung, Oko, and Lung Tang have breached the warranty against infringement provided for in the Uniform Commercial Code and other applicable statutes, laws and regulations, and award damages adequate to compensate plaintiffs

for the injury caused by such breach, including, without limitation, all attorneys fees and costs incurred;

      H.      award plaintiffs their attorneys fees under 35 U.S.C. § 285 and other provisions of law;

      I.      award plaintiffs interest and costs; and

      J.      award plaintiffs such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial on all issues so triable.

Ascion, LLC and Martin Rawls-Meehan,

By their attorneys,

Dated: February 26, 2009

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Robert M. Abrahamsen (BBO #636635)
rabrahamsen@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 phone