**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASCION, LLC AND MARTIN RAWLS-MEEHAN, | )<br>)<br>) |
| Plaintiff, | ) Civ. Action No. 09-cv-10293 (WGY) |
| v. | )<br>) |
| RUOEY LUNG ENTERPRISE CORP., AND LUNG-TAN SHIH | )<br>) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT AND RUOEY LUNG ENTERPRISE CORP.'s COUNTERCLAIM AGAINST ASCION, LLC AND MARTIN RAWLS-MEEHAN

As and for their answer to the Complaint ("Complaint") of Plaintiffs Ascion, LLC ("Ascion") and Martin Rawls-Meehan (collectively "Plaintiffs"), Defendants, Ruoey Lung Enterprise Corp. ("RL") and Lung-Tan Shih ("Mr. Shih") (collectively "Defendants"), by their undersigned attorneys, respond as follows:

## ANSWER

1. Defendants are without sufficient information or knowledge to form a belief as to the truth of the other allegations contained in paragraph 1 of the Complaint, and therefore deny the allegations.

2. Defendants are without sufficient information or knowledge to form a belief as to

1

the truth of the other allegations contained in paragraph 2 of the Complaint, and therefore deny the allegations.

    3.    Defendants admit the allegations of paragraph 3 of the Complaint.

    4.    Defendants are without sufficient information or knowledge to form a belief as to the allegations of paragraph 4 of the complaint, except as to the designation of Oko Universal, Inc. as a "defendant." Since Plaintiffs have dismissed their Complaint against Oko Universal, Inc., Defendants deny that allegation.

    5.    Defendants are without sufficient information or knowledge to form a belief as to the allegations of paragraph 5 of the complaint, except as to the designation of Lung Tan Mechatronics Industrial Co. Ltd. as a "defendant." Since Plaintiffs have dismissed their Complaint against Lung Tan, Defendants deny that allegation.

    6.    Defendants admit the allegations of paragraph 6 of the Complaint. However, Mr. Shih has filed a motion for reconsideration regarding Plaintiffs' lack of jurisdiction over Mr. Shih and asked that this Court dismiss him from this action. For the reasons expressed in those papers, Mr. Shih does not believe he is a proper party to this case based on the fact (1) that he has not been properly served, (2) that this Court lacks personal jurisdiction upon him, and (3) that no specific allegations have been made against him. By answering, Mr. Shih is in no way waiving these rights.

    7.    Defendants admit that in paragraph 7 of the Complaint, Plaintiffs allege claims involving federal questions and claims between parties having diversity of citizenship. Defendants lack sufficient knowledge or information to form a belief as to the truth of other allegations contained in this paragraph, and therefore deny them.

8.  Defendants admit that paragraph 8 of the Complaint identifies the title and sections of the United States Code under which Plaintiffs claims are based and that this Court has subject matter jurisdiction.

9.  Defendants deny each and every allegation of paragraph 9 of the Complaint. Specifically, Mr. Shih has filed a motion for reconsideration regarding Plaintiffs' lack of jurisdiction over Mr. Shih and asked that this Court dismiss him from this action. For the reasons expressed in those papers, Mr. Shih does not believe he is a proper party to this case based on the fact (1) that he has not been properly served, (2) that this Court lacks personal jurisdiction upon him, and (3) that no specific allegations have been made against him. By answering, Mr. Shih is in no way waiving these rights.

10. Defendants deny each and every allegation of paragraph 10 of the Complaint.

## COUNT ONE

11. Defendants repeat and incorporate by reference their responses to the allegations of paragraph 1 through 10 of the Complaint as if fully set forth here.

12. Defendants admit that U.S. Patent No. 7,448,100 ("the '100 patent") was filed on June 21, 2006 and issued on November 11, 2008, that it names Mr. Shih as the sole inventor and identifies Ruoey Lung as the sole assignee. Defendants admit that what purports to be a copy of the '100 Patent was attached to the Complaint as Exhibit 1.

13. Defendants deny each and every allegation of paragraph 13 of the Complaint.

14. Defendants deny each and every allegation of paragraph 14 of the Complaint.

15. Defendants deny that Martin Rawls-Meehan's name was "omitted" as an inventor

on the '100 patent, as Mr. Rawls-Meehan was not an inventor of the inventions claimed in that patent. Mr. Rawls-Meehan's intent is therefore irrelevant. Defendants lack sufficient knowledge or information to form a belief as to Mr. Rawls-Meehan's mental state with regard to any issues regarding the '100 patent and therefore deny any such allegations.

16.     Defendants deny each and every allegation of paragraph 16 of the Complaint.

## COUNT TWO

17.     Defendants repeat its responses to the allegations of paragraph 1 through 16 of the Complaint as if fully set forth here.

18.     Defendants admit the allegations of paragraph 18 of the Complaint.

19.     Defendants admit the allegations of paragraph 19 of the Complaint in that they are informed and believe that Plaintiffs deny that Ascion infringes the '100 patent.

20.     Defendants deny each and every allegations of paragraph 20 of the Complaint.

## COUNT THREE

21.     Defendants repeat their responses to the allegations of paragraph 1 through 20 of the Complaint as if fully set forth here.

22.     Defendants admit the allegations of paragraph 22 of the Complaint.

23.     Defendants admit the allegations of paragraph 23 of the Complaint in that they are informed and believe that Plaintiffs contend that the '100 patent is invalid.

24.     Defendants deny each and every allegation of paragraph 24 of the Complaint.

## COUNT FOUR

25.     Defendants repeat their responses to the allegations of paragraph 1 through 24 of

the Complaint as if fully set forth here.

26. Defendants deny each and every allegation of paragraph 26 of the Complaint.

27. Defendants deny each and every allegation of paragraph 27 of the Complaint.

28. Defendants deny each and every allegation of paragraph 28 of the Complaint.

29. Defendants deny each and every allegation of paragraph 29 of the Complaint.

**COUNT FIVE**

30. Defendants repeat their responses to the allegations of paragraph 1 through 29 of the Complaint as if fully set forth here.

31. Defendants admit that Rouey Lung entered into a Commission Agreement on or about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves. Defendants deny each and every remaining allegation of paragraph 31 of the Complaint, including Plaintiffs' characterization of the Agreement and/or the terms thereof

32. Defendants admit that Rouey Lung entered into a Commission Agreement on or about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves. Defendants deny each and every remaining allegation of paragraph 32 of the Complaint, including Plaintiffs' characterization of the terms Agreement and/or the terms thereof

33. Defendants admit that Rouey Lung entered into a Commission Agreement on or about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves. Defendants deny each and every remaining

allegation of paragraph 33 of the Complaint, including Plaintiffs' characterization of the terms Agreement and/or the terms thereof .

33. Defendants admit that Rouey Lung entered into a Commission Agreement on or about November 22, 2005, that Plaintiffs have failed to attach that Agreement to their Complaint and that the terms thereof speak for themselves.  Defendants deny each and every remaining allegation of paragraph 34 of the Complaint, including Plaintiffs' characterization of the terms Agreement and/or the terms thereof or that any of the terms of the Agreement are presently binding on Ruoey Lung.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore deny them.

36. Defendants deny each and every allegation of paragraph 36 of the Complaint.

37. Defendants deny each and every allegation of paragraph 37 of the Complaint.

38. Defendants deny each and every allegation of paragraph 38 of the Complaint.

39. Defendants deny each and every allegation of paragraph 39 of the Complaint.

**COUNT SIX**

40. Defendants repeat its responses to the allegations of paragraph 1 through 39 of the Complaint as if fully set forth here.

41. Defendants deny each and every allegation of paragraph 41 of the Complaint, including the applicability of M.G.L. Chapter 106 Section 2-312 to any transactions between Ruoey Lung and Ascion.

42. Defendants lack sufficient knowledge or information to form a belief as to the

truth of the allegations contained in this paragraph, and therefore deny them.

43.  Defendants deny each and every allegation of paragraph 43 of the Complaint.

44.  Defendants deny each and every allegation of paragraph 44 of the Complaint.

45.  Defendants deny each and every allegation of paragraph 45 of the Complaint.

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

To the extent any of Plaintiffs' claims are untimely under the applicable limitations period, they are barred by the applicable statutes of limitations.

## Third Affirmative Defense

Some or all of Plaintiffs' claims are barred by the doctrines of waiver and estoppel.  In particular, Mr. Rawls-Meehan's claim that the '100 patent is invalid (for reasons other than incorrect inventorship) is inconsistent with his claim to be an inventor on that patent.

## Fourth Affirmative Defense

Some or all of Plaintiffs' claims are barred by laches.

## Fifth Affirmative Defense

Some or all of Plaintiffs' claims are barred by unclean hands.

## Sixth Affirmative Defense

Some or all of Plaintiffs' claims are barred by the doctrine of ripeness.

## Seventh Affirmative Defense

To the extent, if any, that Plaintiffs have sustained damages, then all or part of those damages are attributable to and caused by Plaintiffs' own acts or omissions, or the acts or omissions of third parties for whom Defendants are not legally responsible, and Defendants

substantially performed its duties under the parties' agreements, and therefore Plaintiffs may not recover from Defendants damages for its own acts or omissions or those of third parties for whom Defendants are not legally responsible.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Defendants assert the following counterclaim:

### Parties

1.Counterclaimant Ruoey Lung Enterprise Corp. ("RL") is a Taiwanese company having its principal place of business at 17 Lu-Kung South 2 Road, Chang-Pin Industrial Park, Lu-Kang, Changhua, Taiwan 505, ROC.

2.Counterclaim Defendant Ascion, LLC ("Ascion") is a limited liability corporation with a principal place of business in Cambridge, Massachusetts.

3.Counterclaim Defendant Martin Rawls-Meehan ("Mr. Rawls-Meehan") is an individual residing in Lexington, Massachusetts.

4.RL is informed and believes and thereon alleges that, Mr. Rawls-Meehan is the alter ego of Ascion. RL is further informed and believe and thereon allege that there is a unity of interest between Mr. Rawls-Meehan and Ascion. Mr. Rawls-Meehan uses Ascion as a mere shell, instrumentality, or conduit for the business of himself or his other entities. RL is further informed and believes that Mr. Rawls-Meehan personally authorized and directed Ascion to commit the acts alleged in these Counterclaims below. Moreover, as to all of the actions of Rawls-Meehan and Ascion, RL is informed and believes that each was acting as an agent for the other.

### Jurisdiction and Venue

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, and the patent laws of the United States, including Title 35 of the United States Code.

6. This Court has personal jurisdiction over Ascion and Mr. Rawls-Meehan on the basis of, inter alia, their contacts with Massachusetts relating to the subject matter of this action, including having filed suit.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**Facts**

8. RL is a designer and manufacturer of adjustable beds.

9. RL's president, Mr. Shih has developed various adjustable bed frames for RL since at least 1995. He is the sole named inventor of U.S. Patent No. 7,448,100 (the "'100 Patent") and has assigned all rights to the '100 patent to RL.

10. On or about November 22, 2005, pursuant to Mr. Rawls-Meehan's request, RL and Ascion entered into an agreement (the "Commission Agreement") with Ascion, a true and correct copy of which is attached hereto as Exhibit 1. Under the Commission Agreement, RL would manufacture its adjustable bed product and provide the product to Ascion for sale to American customers. American customers (e.g. Tempur-Pedic) would place orders with Ascion who would then order the products from RL.

11. Section 1.3 of the Commission Agreement provides that Ascion has the exclusive right to make sales of RL's products in the US, Canada, and Mexico. Section 1.1 of the Commission Agreement provides that Ascion will use its reasonable efforts to make sales of all adjustable bed frames, adjustable bed bases, and adjustable mattresses or similar products manufactured by RL in the US, Canada, and Mexico.

12. Since 2007, Ascion (either by itself or through its agent Six Victor, placed numerous purchase orders with RL) set forth the products that it wished RL to manufacture. RL fully performed each and every obligation required under the parties' Commission Agreement and purchase orders. RL purchased parts and materials it needed to fulfill the purchase orders, and then it manufactured the requested products for Ascion.

13. Between 2007 and 2008, Ascion cancelled about 30 previously-accepted purchase orders, representing orders in excess of $1 million. RL was unable to resell those goods. The cancellation of the previously-accepted purchase orders has caused RL to be saddled with significant amounts of inventory.

14. In accordance with the terms of the Commission Agreement and parties' agreement, Ascion was only allowed to deduct its costs from the payment it received from the American customers. Without RL's consent, and in violation of its responsibilities under the agreement, Ascion frequently deducted from the total payment that it received as its other expenses. The total amount of Ascion's wrongful deduction exceeded $30, 000.

15. On other occasions, Ascion requested that RL deliver goods or parts to third parties for the benefit of Ascion. RL delivered the goods or parts as requested but Ascion has not paid RL (or has not paid in full) for the goods or parts. The total amount unpaid is nearly $200,000.

16. In addition to the above, upon information and belief, since March 2008, without RL's consent, Ascion disclosed the technical specification of RL's adjustable beds to Apex Health Care Manufacturing, Inc. ("Apex") and had Apex manufacture the bed frame for it to sell to Tempur-Pedic. Apex' product is an exact copy of RL's product.

17.     Upon information and belief, since about October 2008, in addition to Apex, Mr. Rawls-Meehan also disclosed the technical specification of RL's adjustable beds to Optima Health Care, Inc. ("Optima") and had Optima manufacture the bed frame for it to sell to Tempur-Pedic. Optima's product is an exact copy of RL's product.

### First Counterclaim – Breach of Contract
### (Against Martin Rawls-Meehan and Ascion)

18.     RL incorporates by reference the allegations set forth in paragraphs 1-17 as if set forth fully herein.

19.     RL fully performed each and every obligation required under the Commission Agreement and purchase orders, except where prevented by Ascion or excused by Ascion's prior breach.

20.     Ascion has failed and refused to fulfill its contractual commitments under the Commission Agreement and purchase orders by cancelling purchase orders, by taking improper deductions, by failing to pay for products that RL delivered to Ascion's customers on its behalf and by selling adjustable beds in the United States which were manufactured by companies other than RL – specifically Apex and Optima.

21.     As a direct and proximate result of Ascion's material breaches, RL has suffered damages in an amount to be proven at trial, together with consequential and/or incidental damages, pre-judgment and post-judgment interest thereon at the maximum legal rate.

### Second Counterclaim – Promissory Estoppel
### (Against Martin Rawls-Meehan and Ascion)

22.     RL incorporates by reference the allegations set forth in paragraphs 1-21 as if set forth fully herein.

23. In the Commission Agreement, Ascion made promises – to act in good faith as RL's exclusive distributor in the United States, to use reasonable efforts to sell RL beds in the United States, to forswear selling adjustable beds manufactured by RL's competitors, to take delivery and to pay for products it had ordered from RL and to follow all of the other terms of the Commission Agreement.

24. Ascion should reasonably have expected these promises to induce action or forbearance of a definite and substantial character on the part of RL – specifically, that RL would manufacture adjustable beds to fulfill the orders placed by Ascion, to manufacture beds in reliance on the expectation that Acion would perform in good faith as an exclusive distributor of RL's beds in the United States and to purchase parts and materials from various suppliers to be able to fulfill the purchase orders.

25. In reliance on Ascion's promises, RL purchased parts and materials to manufacture the beds actually ordered by Ascion and those that it would expect Ascion to order pursuant to its responsibilities as an exclusive distributor and, in fact, manufactured said beds

26. Ascion cancelled (or had Six Victor cancel) the purchase orders because it wanted to shift manufacturing to Apex and Optima.

27. As a direct and proximate result of Ascion's material breaches, RL has suffered damages in an amount to be proven at trial, together with consequential and/or incidental damages, pre-judgment and post-judgment interest thereon at the maximum legal rate.

**Third Counterclaim – Breach of Implied Covenant of Good Faith and Fair Dealing**

**(Against Martin Rawls-Meehan and Ascion)**

28. RL incorporates by reference the allegations set forth in paragraphs 1-27 as if set forth fully herein.

29. On or about November 22, 2005, RL and Ascion entered into the Commission Agreement, which carries an implied covenant of good faith and fair dealing.

30. RL has not violated and have otherwise performed all or substantially all of the significant things required of it pursuant to the Commission Agreement.

31. All conditions required for Ascion's performance under the Commission Agreement have occurred or have otherwise been satisfied.

32. Ascion has unfairly interfered with RL's right to receive the benefits of the Commission Agreement. Ascion has taken actions designed to negate RL's rights under the Commission Agreement, including but not limited to shifting manufacturing to Apex and Optima.

33. As a direct and proximate result of Ascion's breach of the implied covenant of good faith and fair dealing, RL has sustained financial injuries and damages according to proof, including interest and costs thereon.

## Fourth Counterclaim – Unfair Competition
## (Against Martin Rawls-Meehan and Ascion)

34. RL incorporates by reference the allegations set forth in paragraphs 1-33 as if set forth fully herein.

35. At all relevant times, RL was engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A §§ 1 and 11.

36. At all relevant times, Ascion was engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A §§ 1 and 11.

37. RL has suffered a loss of money or property, real or personal, as a result of the use or employment by Ascion of an unfair method of competition or an unfair or deceptive act or practice within the meaning of Mass. Gen. Laws. c. 93A § 2, including without limitation Ascion's encouraging, inducing and directing Apex and Optima to infringe '100 patent.

38. As a direct and proximate result of the foregoing knowing and willful unfair or deceptive acts or practices of Ascion, RL has sustained financial injuries and damages according to proof, including interest and costs thereon.

## Fifth Counterclaim – Patent Infringement

## (Against Martin Rawls-Meehan and Ascion)

39. RL incorporates by reference the allegations set forth in paragraphs 1-38 as if set forth fully herein.

40. On November 11, 2008, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,448,100 ("the '100 patent") entitled "Motorized Bed That Is Movably Closer To The Wall" to RL, as assignee of the inventor Mr. Shih. RL is the legal owner of the '100 patent and possesses all rights of recovery under the '100 patent. A true and correct copy of the '100 patent is attached hereto as Exhibit 2.

41. RL is informed and believes and thereon alleges that, Mr. Rawls-Meehan is the alter ego of Ascion. RL is further informed and believes that Mr. Rawls-Meehan personally authorized, induced and/or directed Ascion to commit the acts of patent infringement.

42. Upon information and belief, Martin Rawls-Meehan and Ascion has infringed and is continuing to infringe one or more claims of the '100 patent and is currently directly infringing, contributorily infringing and/or inducing infringement of the '100 patent, by among other things, making using, providing, offering to sell, selling (either directly or through intermediaries) and/or importing without authority or license from RL infringing products.

43. Martin Rawls-Meehan's and Ascion's aforesaid activities have been without authority and/or license from RL.

44. RL is entitled to recover from Martin Rawls-Meehan and Ascion the damages sustained by RL as a result of their wrongful acts in an amount subject to proof at trial.

45. RL is informed and believes, and thereon alleges, that Martin Rawls-Meehan's and Ascion's infringement of the '100 Patent has been and continues to be willful. As a result, RL is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to Martin Rawls-Meehan and Ascion.

22. Martin Rawls-Meehan's and Ascion's infringement of RL's exclusive rights under the '100 patent will continue to damage RL, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

WHEREFORE, RL requests that the Court enter the following relief:

A. Dismiss the complaint and all claims of Ascion and Martin Rawls-Meehan;

B. Judgment that Ascion and Martin Rawls-Meehan have breached the Commission Agreement;

C. Judgment in favor of RL regarding its Promissory Estoppel and Breach of Implied Covenant of Good Faith and Fair Dealing claims;

15

      D.      Judgment that the '100 Patent is valid and enforceable;

      E.      Judgment that Martin Rawls-Meehan and Ascion infringe the '100 Patent;

      F.      Judgment that this case is exceptional in accordance with 35 U.S.C. § 285;

      G.      An order that preliminarily and permanently enjoins Martin Rawls-Meehan and Ascion, its directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing from further acts that infringe, contributorily infringe or induce infringement of the '100 Patent;

      H.      Judgment that Martin Rawls-Meechan and Ascion have engaged in unfair competitive acts under Mass. Gen. Laws c. 93A §§ 1 and 11;

      I.      An order that awards RL recovery for all damages that result from Martin Rawls-Meehan and Ascion's infringing acts, breach of contract and wrongful actions, including (1) RL's damages and (2) Martin Rawls-Meehan's and Ascion's profits;

      J.      An order that trebles the amount of damages as a result of the willful and deliberate nature of Martin Rawls-Meehan's and Ascion's acts;

      K.      An order that awards interest on damages;

      L.      An order that directs Martin Rawls-Meehan and Ascion to pay RL's costs, expenses, and awards attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

      M.      For such other and further relief as the Court may deem proper.

Dated: October 6, 2009     By:     <u>/s/ Richard F. Cauley</u>
Richard F. Cauley (admitted *Pro Hac Vice*)

Franklin E. Gibbs (admitted *Pro Hac Vice*)
Jennifer L. Ishimoto (admitted *Pro Hac Vice*)
**WANG, HARTMANN, GIBBS, & CAULEY P.C.**
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
(949) 833-8483

Scott McConchie
**GRIESINGER, TIGHE & MAFFEI, LLP**
176 Federal Street
Boston, MA 02110
(617) 542-9900
(617) 542-0900 (fax)
*sm@gtmllp.com*

Attorneys for Defendants and Plaintiff-in-counterclaim

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to the Complaint and Counter Claim filed herewith, which were filed electronically with the Court through the Electronic Case Files system on October 6, 2009, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF") and a paper copy will be sent via first class mail on October 6, 2009 to any counsel of record who are not registered on NEF.

<u>/s/ Richard F. Cauley</u>
Richard F. Cauley