UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASCION, LLC and MARTIN RAWLS-MEEHAN, | ) |
| | ) Civil Action No. 09-10293-GAO |
| Plaintiffs, | ) |
| v. | ) |
| RUOEY LUNG ENTERPRISE CORP. and LUNG-TAN SHIH, | ) |
| Defendants. | ) |
| RUOEY LUNG ENTERPRISE CORP., | ) |
| | ) Civil Action No. 09-11550-GAO |
| Plaintiff, | ) |
| | ) <u>CONSOLIDATED</u> |
| v. | ) |
| TEMPUR-PEDIC INTERNATIONAL INC., TEMPUR-PEDIC SALES, INC., TEMPUR-PEDIC NORTH AMERICA LLC, OPTIMA HEALTHCARE, INC. and APEX HEALTH CARE MANUFACTURING INC., | ) |
| Defendants. | ) |

OPINION AND ORDER
September 28, 2011

O'TOOLE, D.J.

Ruoey Lung Enterprise Corporation ("Ruoey Lung") holds United States Patent No. 7,448,100 (the "'100 Patent") and brought suit for patent infringement against Ascion, LLC, Martin Rawls-Meehan, Tempur-Pedic International, Inc., Tempur-Pedic Sales, Inc., Tempur-Pedic North America LLC, Optima Healthcare, Inc., and Apex Health Care Manufacturing, Inc. (collectively, the "Ascion defendants" or "the defendants"). Ruoey Lung also brought suit against Ascion, LLC, and Rawls-Meehan for breach of contract, promissory estoppel, breach of

the implied covenant of good faith and fair dealing, and violation of Chapter 93A of the Massachusetts General Laws. The defendants have moved for summary judgment on the several claims, arguing non-infringement, invalidity, and lack of lost profits. I address these issues in turn.

A.  Non-Infringement

The Ascion defendants argue that their beds do not infringe the '100 Patent because the patent requires, and their beds do not have, a "cushion" that is "mounted" on the beds' underlying skeletal frame. I construed "cushion" to mean "pliable mattress cushion" and "mounted" to mean "attached or affixed to another element either directly or by means of a device or structure that facilitates or accomplishes the attachment." (See Oct. 25, 2010 Op. & Order 4-6 (dkt. no. 54[1]).) There is evidence here that the defendants' beds may possess, as the patent requires, an attached or affixed pliable mattress cushion. At the very least, a jury could reasonably find that the metal retainer bar "attaches" or "affixes" a mattress cushion that pliably molds to the shape of the beds' frame. (See Decl. of Stevick ¶ 31-32 (dkt. no. 148).) The Court leaves that question of fact, and the question of whether the beds' foam and ticking is an attached or affixed "pliable mattress cushion," to the sound judgment of the finder of fact. (See id. at ¶ 24-25.)

The Ascion defendants argue, in addition, that the beds' resting bars in the '100 Patent must be "rested on the cushion," see '100 Patent 4:47, but that the challenged beds do not infringe because they have no such bar rested "on top of" their mattresses. The preposition "on" does not necessarily mean "on top of." It also can mean "located at or along" (e.g., the house on the river) or "having contact with the surface of" (e.g., the painting on the wall). A juror thus

---

[1] The October 25, 2010 Opinion and Order applies to the present case and appears in the docket for Ascion, LLC v. Ruoey Lung Enterprise Corp., 09-10293-GAO.

could find that the resting bars rested "on" the cushions even though they are not necessarily "on top of" them. (See id. at ¶ 38.) Whether Ruoey Lung's argument on this point is sufficient to be put to the jury is best left to evaluation after the evidence has been fully set forth at trial.

The Ascion defendants further assert that the patent requires there to be two stabilizer arms while their beds have only one stabilizer arm. As a result, they argue that their beds currently being sold do not infringe the patent literally and further that the doctrine of equivalents cannot apply to the beds with one stabilizer arm because application of the doctrine impermissibly would vitiate the limitation in the patent claim that the beds have two such arms.

"Infringement under the doctrine of equivalents requires that the accused product contain each limitation of the claim or its equivalent." DeMarini Sports, Inc. v. Worth, Inc., 239 F.3d 1314, 1331 (Fed. Cir. 2001). The doctrine of equivalents may not be applied in a manner that would entirely vitiate a claim limitation. Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 1358-59 (Fed. Cir. 2005). "[C]ourts must consider the totality of the circumstances of each case and determine whether the alleged equivalent can be fairly characterized as an insubstantial change from the claimed subject matter without rendering the pertinent limitation meaningless." Id. at 1359. "The fact that a claim recites numeric ranges does not, by itself, preclude [a party] from relying on the doctrine of equivalents." Abbott Labs. v. Dey, L.P., 287 F.3d 1097, 1107-08 (Fed. Cir. 2002).

The Ascion defendants' claim vitiation argument would have some force if the patent claimed "at least two" stabilizer arms. Such claim language would clearly rule out infringement by a product that did not have "at least two" arms. On the other hand, if having one or two stabilizer arms is functionally insignificant, the structures could easily be regarded as equivalent. An application of the doctrine of equivalents here would not necessarily vitiate the claim

3

limitation or render it meaningless. See Van Blarcom Closures, Inc. v. Owens-Illinois, Inc., 507 F. Supp. 2d 214, 222 (E.D.N.Y. 2007).

    B.    Invalidity

The Ascion defendants argue that the '100 Patent is invalid because it was anticipated by United States Patent No. 6,006,379 (the "Hensley Patent") and United States Patent No. 6,101,647 (the "Stroud Patent"). However, genuine issues of material fact exist as to whether these patents anticipated the '100 Patent. A juror could reasonably conclude, for example, that the Hensley Patent did not anticipate the linking frame found in the '100 Patent and that the Stroud Patent did not anticipate the patent's first support frame. Anticipation genuinely is disputed. The issue is one best resolved by the finder of fact.

The Ascion defendants further argue that the '100 Patent is invalid under the on-sale bar. "[T]he on-sale bar of § 102(b) precludes patent protection for any 'invention' that was 'on sale in this country' more than one year prior to the filing of a patent application." Microsoft Corp. v. i4i Ltd. P'ship, --- U.S. ----, 131 S.Ct. 2238, 2243 (2011) (internal citations and quotations omitted). Ruoey Lung's interrogatory responses accused eleven models of infringement, and Ascion now argues that these models were on sale more than one year before the '100 Patent was filed. See Int'l Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1239 (Fed. Cir. 2009) (quoting Peters v. Active Mfg. Co., 129 U.S. 530, 537 (1889)) ("[T]hat which infringes, if later, would anticipate, if earlier."). Ruoey Lung, however, asserts through affidavit that no infringing beds were on sale a year before the filing of the '100 Patent. A genuine issue of fact exists.

### C. Non-Patent Claims and Lost-Profit Damages

The defendants seek entry of summary judgment on the non-patent claims and a partial summary judgment (concluding that no "lost profits" theory of recovery is available) on the patent claims. They argue that Ruoey Lung established for tax purposes a separate company named OKO Universal, that only OKO Universal, not Ruoey Lung, suffered any alleged lost profits, that OKO Universal is not a party to this action, and that Ruoey Lung, having suffered no lost profits itself, cannot now assert claims based on OKO Universal's lost profits. I agree.

As a general rule, two companies "may not enjoy the advantages of their separate corporate structure and, at the same time, avoid the consequential limitations of that structure—in this case, the inability of the patent holder to claim the lost profits . . . ." Poly-Am., L.P. v. GSE Lining Tech., Inc., 383 F.3d 1303, 1311 (Fed. Cir. 2004). Furthermore, it is too late now, at the summary judgment stage, years after it had filed suit, for Ruoey Lung to join OKO Universal as a party to the present action. Ruoey Lung further argues that dismissal is improper because it may recover for reliance damages even if there were no lost profit damages. It acknowledges, however, that even in that event it would have to supplement its expert reports to provide such damage figures. In any event, the attempted introduction of evidence for this late-budding theory of damages is untimely. Unable to prove lost profits or damages, Ruoey Lung is properly foreclosed from arguing a lost-profits theory of recovery and from bringing its non-patent claims. See Mass. Gen. Laws ch. 93A, § 11; Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115, 1122 (1st Cir. 1995) (breach of contract); R.I. Hosp. Trust Nat'l Bank v. Varadian, 647 N.E.2d 1174, 1178-79 (Mass. 1995) (promissory estoppel); McCone v. New Eng. Tel. & Tel. Co., 471 N.E.2d 47, 50 (Mass. 1984) (covenant of good faith and fair dealing).

D.  Conclusion

Accordingly, the Ascion defendants' Motion (dkt. no. 130) for Summary Judgment of Non-Infringement and Invalidity is DENIED, and their Motion (dkt. no. 162) for Summary Judgment on All Non-Patent Claims and Partial Summary Judgment of No Lost Profits Patent Damages is GRANTED. Ruoey Lung's Motion (dkt. no. 172) to Join OKO Universal Inc. and for Leave to Amend Counterclaims is DENIED. In sum, Ruoey Lung may pursue its claim and counterclaim of patent infringement (Count 1 and Counterclaim V) but is barred from arguing a "lost profits" theory of recovery. Its remaining counterclaims (Counterclaims 1 through IV) are dismissed.

It is SO ORDERED.

                                                    /s/ George A. O'Toole, Jr.
                                                 United States District Judge