UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11550-GAO
CIVIL ACTION NO. 09-10293-GAO
(Consolidated)

ASCION, LLC (d/b/a Reverie),
Plaintiff,

v.

RUOEY LUNG ENTERPRISE CORP.,
Defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER FOR JUDGMENT
March 13, 2014

O'TOOLE, D.J.

The plaintiff, Ascion, LLC, sued the defendant, Ruoey Lung Enterprise Corp., for unpaid

commissions and for indemnification for costs incurred in connection with a patent infringement

action filed against Ascion by Leggett & Platt Inc. and L&P Property Management Company

("the L&P litigation"). The commissions claim was tried to a jury. The Court granted Ascion's

motion for judgment as a matter of law that, pursuant to the parties' written Commission

Agreement, Ruoey Lung was liable to Ascion for "any claims, losses or other costs resulting

from" the L&P litigation. The question of damages was reserved, the parties agreeing to try that

issue to the Court sitting without jury. After the jury verdict on the commissions claim, the Court

held an evidentiary hearing to assess damages on the indemnification claim. The parties have

submitted proposed findings of fact and conclusions of law.

## I.    Legal Standard

Michigan law applies. Under that law, a court determining a reasonable attorney fee

should: (1) "determine the fee customarily charged in the locality for similar legal services . . .

using reliable surveys or other credible evidence"; (2) "multiply that amount by the reasonable number of hours expended in the case"; and (3) "consider making adjustments up or down to this base number in light of the other factors listed in <u>Wood</u> and MRPC 1.5(a)." <u>Smith v. Khouri</u>, 751 N.W.2d 472, 483 (Mich. 2008) (citing <u>Wood v. Detroit Auto Inter-Ins. Exch.</u>, 321 N.W.2d 653 (Mich. 1982)).

The following factors are listed in MRPC 1.5(a):

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

<u>Id.</u> at 479 (quoting Mich. Rules of Prof'l Conduct 1.5(a)).

## **II.** **Discussion**

### A. <u>Reasonableness of Rates</u>

To represent it in connection with the L&P litigation, Ascion retained the services of Attorney Anthony W. Hong and the law firms Wolf Greenfield & Sacks, P.C., and GTC Law Group LLP & Affiliates. Attorney Hong was initially retained to handle the suit and assist with a motion to transfer venue and joint defense issues; GTC provided infringement and validity opinions regarding L&P's three asserted patents and assisted Wolf Greenfield with developing Ascion's invalidity and non-infringement defenses; and, as lead counsel, Wolf Greenfield handled the briefing and expert discovery associated with claim construction and summary judgment.

At the evidentiary hearing, Ascion presented the American Intellectual Property Law Association's ("AIPLA") 2009 Report of the Economic Survey as evidence of median billing rates for intellectual property attorneys. According to the AIPLA Survey, the median hourly rate for intellectual property partners in 2008 was $573 for Boston and $450 for Texas. The median hourly rate for intellectual property associates in 2008 was $400 for Boston.

In the L&P litigation, Wolf Greenfield's shareholders billed at hourly rates of between $480 and $685. The primary billing shareholder, Robert M. Abrahamsen, billed between $480 and $550 per hour. A more senior supervising shareholder billed a substantially smaller number of hours at rates of $600 to $685, which was reasonable and customary in the handling of complex litigation such as the L&P litigation. GTC's partners billed at hourly rates of between $325 and $575, ranging from far below to just slightly above the AIPLA median Boston rate of $573. Anthony Hong, a solo practitioner based in Texas, billed $200 per hour, well below the AIPLA median rate in Texas of $450.

Wolf Greenfield's associates billed at hourly rates of between $175 and $450, a range from far below to just slightly above the median AIPLA number. GTC's associates billed at hourly rates of between $200 and $360, placing all of them below the AIPLA median Boston rate of $400. Wolf Greenfield's paralegals billed at hourly rates of between $130 and $190.

Ruoey Lung does not contend that these rates are unreasonable, nor did it present any rebuttal evidence at the hearing. It argues only that the AIPLA Survey does not establish the reasonableness of Wolf Greenfield's fees, as the survey "does not indicate how many respondents there were, how many were from Boston, how many were from large firms, etc." (Def.'s Opp'n to Req. for Fees at 6 n.3 (dkt. no. 336).)

Based on the general findings of the AIPLA Survey, as well as oral testimony by Attorney Abrahamsen and Mr. Rawls-Meehan, the Court finds that all of the hourly rates at issue are reasonable and in line with the "fee[s] customarily charged in the [relevant] locality for similar legal services." Smith, 751 N.W.2d at 483.

    B.      Reasonableness of Hours Expended

Ruoey Lung raises three general objections to the hours expended on behalf of Ascion in the L&P litigation: (1) excessive staffing; (2) prevalent use of "block-billing"; and (3) billing for unrelated or non-recoverable expenses.

The Court disagrees with Ruoey Lung's contention that Ascion engaged in excessive staffing for the L&P litigation. As Attorney Abrahamsen testified, though a large number of attorneys and staff worked on the case, only a few attorneys billed significant hours. I find credible his testimony that the time spent on the case was not duplicative or inefficient.

Further, I find unpersuasive Ruoey Lung's objection to the use of block-billing. While there are some billing entries that could have included more detail, I am "satisfied that [the entries] were contemporaneously compiled and accurately reflect the number of hours each attorney and paralegal spent working on the case." Citizens Ins. Co. of Am. v. KIC Chems., Inc., 2007 WL 2902213, at *9 (W.D. Mich. Oct. 1, 2007), aff'd sub nom., Graceland Fruit, Inc. v. KIC Chems., Inc., 320 F. App'x 323 (6th Cir. 2008).

I am persuaded, however, that some hours may have been expended on unrelated matters, and fees charged for those matters should not be recoverable under the Commission Agreement. For example, Ascion seeks recovery for hours spent on foam spring mattress issues, potential counterclaims of patent infringement against L&P, the '701 patent, the '528 patent, the '376 patent, and matters occurring after the settlement of the L&P litigation, among others. At the

very least, the connection between such billing entries and the L&P litigation has not been shown. It does not appear, however, that any such unrelated billing was extensive. Because there is no principled way to determine the exact number of hours that are unrecoverable, I will reduce the total requested hours by 10%. Multiplying the reasonable number of hours by the applicable hourly billing rates yields the following amounts available for indemnification:

| | |
|---|---|
| Wolf Greenfield: | $378,599.36 |
| GTC: | $178,090.79 |
| Anthony Hong: | $ 37,196.21 |
| Total: | $593,886.36 |

C.    Other Factors

As Ascion notes, several of the factors listed in MRPC 1.5(a) should not be considered because no relevant evidence concerning them was presented by either party – "(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer"; "(5) the time limitations imposed by the client or by the circumstances"; "(6) the nature and length of the professional relationship with the client"; and "(8) whether the fee is fixed or contingent."

The factors that should be considered are: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly"; "(4) the amount involved and the results obtained"; and "(7) the experience, reputation, and ability of the lawyer or lawyers performing the services."

After considering these three factors, I conclude that no upward or downward adjustment is necessary. The L&P litigation was a substantially complex patent case involving several patents. It was appropriate for Ascion to engage several sophisticated intellectual property lawyers in defense, and Ruoey Lung does not argue otherwise. It is also undisputed that Ascion

had much at stake and the ultimate settlement was a favorable outcome for Ascion. The amounts requested by Ascion, reduced by 10%, are appropriately subject to indemnification.

       D.       Settlement Amount

Ascion settled the L&P litigation for $68,327.00. Ruoey Lung argues that the settlement amount should be reduced by 50% because Ascion derived value and competitive benefit from the settlement agreement. Under the Commission Agreement, which contemplates indemnification of "any claims, losses or other costs" regardless of any corresponding benefit, Ascion is entitled to the full amount of $68,327.00.

## III.    Conclusion

For the foregoing reasons, the Court finds that under the Commission Agreement, Ascion is entitled to indemnification from Ruoey Lung for the L&P litigation for the following amounts: $68,327.00 for the settlement; $378,599.36 for Wolf Greenfield's bills; $178,090.79 for GTC's bills; and $37,196.21 for Attorney Hong's bills. The total amount to which Ascion is entitled is $662,213.36.

The jury having returned a verdict on Ascion's claim for unpaid commissions in the amount of $2,563,523.00, and the Court having made determinations on the remaining claim for indemnification, judgment shall enter in favor of the plaintiff, Ascion, in the amount of **$3,225,736.36**, plus payment of ongoing commissions as will be set forth in the Judgment.

It is SO ORDERED.

                /s/ George A. O'Toole, Jr.
                United States District Judge