UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11550-GAO
CIVIL ACTION NO. 09-10293-GAO
(Consolidated)

ASCION, LLC (d/b/a Reverie),
Plaintiff,

v.

RUOEY LUNG ENTERPRISE CORP.,
Defendant.

Order
March 13, 2015

O'TOOLE, D.J.

Following a jury trial, the jury returned a verdict for the plaintiff, Ascion, LLC, and this Court entered judgment on March 13, 2014. Ascion subsequently moved for an assessment of attorneys' fees, costs, and expenses against defendant Ruoey Lung Enterprise Corp.'s former counsel, John van Loben Sels and Wang, Hartmann, Gibbs & Cauley ("WHGC"), under 28 U.S.C. § 1927. Ascion and Ruoey Lung have since settled all the remaining claims between them, including the claims for fees and costs. (Order at 1 (dkt. no. 390).) Ascion's claims against van Loben Sels and WHGC remain and are the subject of this order.

Under § 1927,

> [a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

While the First Circuit does not require a finding of bad faith to justify attorneys' fees under § 1927, it has said that sanctionable conduct must be "more severe than mere negligence, inadvertence, or incompetence." Cruz v. Savage, 896 F.2d 626, 631-32 (1st Cir. 1990)

(explaining that district courts "should apply an objective standard" under § 1927). An attorney's behavior must "'evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court.'" Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 245-46 (1st Cir. 2010) (citation omitted). Ascion has identified several instances of conduct that it characterizes as unreasonable and vexatious within the meaning of § 1927. However, for reasons briefly set forth below, I conclude that counsel's activities do not rise to the level necessary to warrant an award of attorneys' fees and costs under that statute.

First, Ascion alleges that counsel engaged in forum shopping by filing a duplicative claim in the Central District of California after the plaintiff had already commenced an action in this Court. Jockeying for a favorable forum is, for good or ill, not uncommon in patent litigation, and what occurred in this instance may have been more than the usual maneuvering. I am not persuaded that it reached § 1927's sanctionable standard. Similarly, although Ascion alleges that van Loben Sels and WHGC engaged in meritless motion practice, again it does not appear clear enough for the imposition of sanctions that counsel's actions meet the § 1927 threshold. See Jensen v. Phillips Screw Co., 546 F.3d 59, 67 (1st Cir. 2008) (discussing the difficulty of distinguishing "when multiplication of the proceedings crosses the line between what is acceptable if tedious and what is unreasonable and vexatious").

As to Ascion's allegation that counsel instructed the defendants to evade service of process, the evidence is not persuasive enough to convince me that either van Loben Sels or WHGC affirmatively encouraged such behavior by their clients.

What I find more troubling is counsel's deposition activities. Ascion alleges that counsel sought to have a party representative attend a deposition in contravention of a court-approved

protective order and cancelled depositions with little notice. Rule 37 of the Federal Rules of Civil Procedure provides for contemporaneous sanctions where a party fails to satisfy discovery obligations or attend depositions. I think that in the circumstances, Rule 37 is a more proper vehicle for relief from sanctionable discovery behavior than § 1927.

For the foregoing reasons, Ascion's Motion for Attorneys' Fees and Expenses against van Loben Sels and WHGC (dkt. no. 343) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.  
United States District Judge